## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW MEXICO

In re:   CONSUELA A. MARQUEZ,                    No. 13-06-11476 MR

     Debtor.

### ORDER DENYING CONFIRMATION OF AMENDED CHAPTER 13 PLAN

THIS MATTER is before the Court on confirmation of Debtor's Amended Chapter 13

Plan.  The Court held a final hearing on confirmation on January 16, 2007 and took the matter

under advisement.[1]   Upon review of the Amended Chapter 13 Plan and after consideration of

the Debtor's testimony at the final hearing, the Court finds that confirmation must be denied.

DISCUSSION

A. Feasibility

Confirmation of a chapter 13 plan of reorganization is governed by 11 U.S.C. § 1325.

The Debtor bears the burden of proving that a plan meets all requirements for confirmation under

11 U.S.C. § 1325(a). *In re Ford,* 345 B.R. 713, 716 (Bankr.D.Colo. 2006) ("The Debtor has the

burden of proof concerning the elements of § 1325(a)")(citation omitted); *In re Hutchinson,* __

B.R. __, 2006 WL 2848654 at * 5 (Bankr.D.Kan. 2006) ("Debtors bear the burden of proving

that they have met all the requirements of § 1325")(citing *In re Barnes,* 32 F.3d 405 (9th Cir.

1994).  Among the requirements for confirmation is the requirement that the plan be feasible. *See*

11 U.S.C. § 1325(a)(6) ("the debtor will be able to make all payments under the plan and to

---

[1]A pending Motion for Relief from Automatic Stay filed by American Heritage Bank
("AHB") was also set for final hearing on that day.  However, none of the parties at the final
hearing directly addressed the Motion for Relief from Automatic Stay. The Court will, therefore,
confine its ruling to confirmation.  Counsel for AHB may request a further hearing on the
Motion for Relief from Automatic Stay if necessary.

1

comply with the plan."); *In re Tucker,* 34 B.R. 257, 262 (Bankr.Okla. 1983) (noting that § 1325(a)(6) "is commonly referred to as the 'feasibility requirement' in a Chapter 13 case."). When a plan proposes payments insufficient to pay the claims provided for under the plan, the plan is not feasible and cannot be confirmed. *See* 11 U.S.C. § 1325(a)(6) ("the debtor will be able to . . . comply with the plan.").

In this case, Debtor's Amended Chapter 13 Plan proposes to make payments of $1,309.52 per month for a period of thirty-six months. Debtor's Schedule I reflects monthly income of $1,712.46, and Schedule J shows net monthly income of $112.56. This figure is net of the $740.00 mortgage payment to AHB. However, even if $740.00 is added to the net monthly income figure, Debtor's reported monthly income on Schedule I is less than her proposed monthly plan payment of $1,309.52. "[W]hen a debtor's budget shows a clear inability to make the proposed plan payments, the plan is not entitled to confirmation." 8 Collier on Bankruptcy ¶ 1325.07[1] (Alan N. Resnick and Henry J. Sommer, eds., 15th ed. rev. 2006). Moreover, Schedule J does not reflect a payment for the mortgage to Western Mortgage, which Debtor identifies in her Amended Plan as having a monthly payment of $275.00.

At the final hearing, Debtor testified that she receives monthly rental income from three properties: $450.00 from the property located at 417 Calhoun; $375.00 from the property located at 2316A South Prince; and $375.00 from the property located at 2316B South Prince. Debtor's Schedule I reports monthly rental income of $450.00, presumably from the property located at 417 Calhoun. Debtor's schedules regarding income and expenses are inaccurate in as much as they are inconsistent with her testimony. Based on her testimony, the combined rental income in the amount of $750.00 from the properties located at 2316A and 2316B South Prince

2

should be added to Debtor's income.   However, even if the Court were to assume that the

Debtor is able to make the monthly plan payment proposed under her Amended Plan, the plan as

proposed appears infeasible.

It is not clear from the Amended Plan whether the Debtor intends to pay the regular

monthly payments due under her mortgage with AHB and her mortgage with Western Mortgage

directly, or as part of her plan payment.  *See* Amended Plan, ¶ 3 (Identifying the debts to AHB

and Western Bank as "Secured Debts Which will Extend Beyond the Length of the Plan").  At

the final hearing, Debtor indicated that she believed her monthly plan payment included the

regular monthly mortgage payments to AHB and Western Bank as well as the arrears to those

creditors as identified in paragraph 5. of the Amended Plan.   If the monthly plan payment of

$1,309.52 is intended to service the regular monthly mortgage payments in addition to the

arrears, the plan as proposed does not appear feasible.[2]  In sum, because the Debtor's Statements

and Schedules conflict with her testimony at the final hearing on confirmation, and because it

does not appear that the plan is feasible, the Amended Plan is not confirmable.  Moreover, it is

apparent to this Court that Debtor's counsel has made little effort thus far to clarify the terms of

the Debtor's proposed plan of reorganization or to properly advise his client in completing her

---

[2]The regular monthly mortgage payments due AHB and Western Mortgage as identified
in the plan total $36,540.00.  The plan base ($1309.52 x 36 mos.) is $47,142.72.  The Chapter 13
Trustee's commission is 10%.  The Amended Plan also proposes to cure the arrears to AHB in
the amount of $5,920.00, plus interest at the rate of 5%, and the arrears due Western Mortgage in
the amount of $3,300.00, plus interest at the rate of 5%, and to pay the claim of Panhandle Plains
in the amount of $3,628.00 and the claim of Loan Ranger in the amount of $1,000.00.   Given
these figures, and assuming the Debtor intends to make the regular mortgage payments inside the
plan, the Court estimates that the plan must contemplate payments totaling at least $55,102.00,
excluding interest on the arrears payments.

3

statements and schedules.  *See* 11 U.S.C. § 707(b)(4)(C) and (D).[3]  Rule 9011, Fed.R.Bankr.P.

B.  Best Interests of Creditors

The confirmation hearing raised unresolved issues concerning the ownership and valuation of certain real properties.    Debtor was divorced in 2005, prior to the filing of her bankruptcy petition on August 25, 2006, yet Schedule A identifies several parcels of real property located at 417 Calhoun, 2320 South Prince Street, 2316A and 2316B South Prince Street and 416 Calhoun (together, "Property") as community property. (*See* Debtor's Exhibit 1 - Petition for Divorce and Final Decree of Dissolution of Marriage).  At trial, Debtor introduced a notarized letter from her former spouse dated October 5, 2005 which purports to "return and renounce all interest and hold over to Consuela Marquez" the Property as well as several items of personal property. (*See* Debtor's Exhibit 2).  In addition, there are unrecorded Quitclaim Deeds for the Property dated December 11, 2006.  (*See* Trustee's Exhibit 3).

Debtor's former spouse, Juan Marquez, also filed a voluntary petition under Chapter 13 of the bankruptcy code on August 25, 2006, as Case No. 13-06-11477 MS.  That case has since

---

[3]Those sections provide, in relevant part:
(C)  The signature of an attorney on a petition, pleading, or written motion shall constitute a certification that the attorney has –
(I) performed a reasonable investigation into the circumstances that gave rise to the petition, pleading, or written motion; and
(ii) determined that the petition, pleading, or written motion--
(I) is well grounded in fact; and
(II) is warranted by existing law . . .
(D) The signature of an attorney on the petition shall constitute a certification that the attorney has no knowledge after an inquiry that the information in the schedules filed with such petition is incorrect.

11 U.S.C. § 707(b)(4)(C) and (D)

4

been converted to Chapter 7.  (*See* Case No. 7-06-11477 MS, Docket # 13).   Schedule A filed in

Juan Marquez's bankruptcy proceeding also identifies the Property as community property.   At

the final hearing on confirmation, Debtor testified that she spoke with a realtor and believes the

total value of the Property is $150,000.00, though she has listed for sale the properties located on

South Prince Street for $159,000.00.[4]   No other evidence of value was presented to the Court.

> The best interest of creditors test is embodied in 11 U.S.C. § 1325(a)(4), which provides:

> the value, as of the effective date of the plan, of property to be distributed under the plan
> on account of each allowed unsecured claim is not less than the amount that would be
> paid on such claim if the estate of the debtor were liquidated under chapter 7 of this title
> on such date.

> 11 U.S.C. § 1325(a)(4).

The Debtor bears the burden of proving that the plan meets the best interest of creditors test.

*Hutchinson,* 2006 WL 2848654 at *5.   In applying the best interest of creditors test, the Court

must first consider the value, as of the effective date of the plan, of the property to be distributed

to each unsecured creditor under the plan, taking into account the Chapter 13 administrative

expenses, and then compare that figure to the amount that  would be paid to each unsecured

creditor if the debtor's estate were liquidated in a hypothetical  chapter 7 proceeding, taking into

account the chapter 7 administrative expenses.  *In re Dewey,* 237 B.R. 783, 788 (10th Cir. BAP

1999) citing *In re Gatton,* 197 B.R. 331, 332 (Bankr.D.Colo. 1996) (remaining citations

omitted).   Only if the amount to be distributed to unsecured creditors under the proposed chapter

13 plan is not less than the amount that would be distributed to unsecured creditors in a

---

[4]At the close of the hearing on confirmation, the Court directed the Debtor to file a
motion to employ realtor with the Court by the close of the following business day.  Debtor filed
a Motion to Employ Realtor (Docket # 55) the day following the confirmation hearing.

hypothetical chapter 7 liquidation will the plan satisfy the best interest of creditors test under 11 U.S.C. § 1325(a)(4). *Id.* at 788.

In this case, until the issues regarding the value of the Property and the extent of the Debtor's interest in the Property are resolved, it is difficult, if not impossible for the Court to make a determination that the Debtor's plan satisfies the best interest of creditor's test contained in 11 U.S.C. § 1325(a)(4). Based on the evidence now before the Court, and in light of the pending bankruptcy proceeding of the Debtor's spouse, and because the Amended Plan is otherwise unconfirmable, the Court will not now attempt to make a determination as to whether the Amended Plan complies with 11 U.S.C. § 1325(a)(4).

C. Other impediments to confirmation.

AHB alleged that under the terms of its note and mortgage, the Debtor is required to maintain property insurance for the structures located on the real property. Debtor admitted at the final hearing that she has failed to maintain property insurance for the properties. The Court cannot find that the Debtor has demonstrated feasibility if, immediately upon confirmation the Debtor will be in default under her obligations to AHB. Moreover, failure to maintain proper insurance when obligated to do so under the applicable loan documents likely constitutes sufficient cause to lift the automatic stay. *See* 11 U.S.C. § 362(d) (relief from the stay may be granted "for cause, including the lack of adequate protection. . ."); *Cf. In re Jones,* 189 B.R. 13, 14 (Bankr.E.D.Okla. 1995) (finding that secured creditor lacked adequate protection where debtor had allowed the insurance on the property to lapse).

The Amended Plan identifies the claim of Panhandle Plains as a priority claim in the amount of $3,628.00. The Chapter 13 Trustee objected to the Debtor paying a student loan as a

priority claim. (*See* Chapter 13 Trustee's Objection to Confirmation of Debtor's Amended Plan, ¶ 14). It is not clear from either the claims filed in this case or the Debtor's Amended Plan that the claim of Panhandle Plains is a student loan debt. However, no evidence was presented at the final hearing to show that the claim of Panhandle Plains is entitled to priority treatment, or that the discriminatory treatment of Panhandle Plains as compared to other unsecured creditors is justified. *Cf., See, e.g., In re Willis,* 197 B.R. 912 (N.D.Okla. 1996) (holding that plan which provided for 100% payment of non-dischargeable student loan debt and only 10% to other unsecured creditors could not be confirmed, absent justification for the discriminatory treatment of unsecured claims other than the fact that the unsecured student loans are non-dischargeable); *In re Mason,* 300 B.R. 379 (Bankr.D.Kan. 2003) (plan which proposed to make payments on non-dischargeable student loan debt while making no distributions to other unsecured debts was unfairly discriminatory and could not be confirmed).

Debtor has failed to file her tax return for the 2005 tax year as required under 11 U.S.C. § 1325(a)(9).[5] Debtor testified that she has not yet filed her tax return for the 2005 tax year, and that any extension she may have obtained has expired. The filing of the Debtor's 2005 tax return is, therefore, a condition for confirmation which the Debtor has failed to fulfill. 11 U.S.C.

---

[5]That section provides, in relevant part:
> [T]he court shall confirm a plan if --
>> (9) the debtor has filed all applicable Federal, State, and local tax returns as required by section 1308.

11 U.S.C. § 1325(a)(9).

Section 1308 requires the debtor to file "all tax returns for all taxable periods ending during the 4-year period ending on the date of the filing of the petition." 11 U.S.C. § 1308(a).

Case 06-11476-m13    Doc 63    Filed 01/25/07    Entered 01/25/07 11:04:33 Page 7 of 8

§ 1325(a)(9).

As of the date of the final hearing on confirmation, Debtor was one payment behind on plan payments due under her proposed Amended Plan.[6] The Court will not enter an order confirming a plan under which the Debtor is not current as of the date of the confirmation order.

WHEREFORE, IT IS HEREBY ORDERED that confirmation of Debtor's Amended Plan is DENIED. Debtor must amend her statements and schedules to properly reflect her assets and liabilities and file an amended plan consistent with said schedules and statements within fifteen days of the entry of this Order or the Court will dismiss this bankruptcy proceeding without further notice or a hearing.

_____
MARK B. McFEELEY
United States Bankruptcy Judge

COPY TO:

Eric D Dixon                          Annette DeBois
Attorney for Debtor                   Attorney for Chapter 13 Trustee
301 S Avenue A                        625 Silver Avenue SW, Suite 350
Portales, NM 88130-6288               Albuquerque, NM 87102

Wesley O. Pool
Attorney for American Heritage Bank
400 Pile Street, Suite 100
Clovis, NM 88101

---

[6]The Court notes that Debtor's initial plan called for no monthly payments despite the inclusion in the plan of a priority claim. In addition, the Debtor did not commence making payments within the time proscribed by 11 U.S.C. § 1326(a)(1). ("[T]he debtor shall commence making payments not later than 30 days after the date of the filing of the plan or the order for relief . . .").

8